IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICIA G. STROUD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:11-cv-006-MEF [WO] |
| PHILLIP MCINTOSH, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

After this case was removed (Doc. # 2) by Defendants Phillip McIntosh ("McIntosh") and the Alabama Board of Pardons and Paroles ("ABPP") from the Circuit Court of Montgomery County, Alabama, Plaintiff filed an Amended Complaint (Doc. # 25), bringing claims under 42 U.S.C. § 1983; Title VII, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"); and several state law causes of action against Defendant McIntosh. The case is before the Court on Defendant ABPP's Motion for Judgment on the Pleadings (Doc. # 27) and Defendant McIntosh's Motion to Dismiss (Doc. # 29). Both motions have been fully briefed and are ripe for review. After careful consideration of the arguments of counsel and the relevant law, the Court finds that Defendants' motions are due to be **GRANTED**.

**I. JURISDICTION AND VENUE**

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. §§ 1331, 1343, and 1367(a). Personal jurisdiction and venue are not contested, and there are adequate allegations in support of both.

## II.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A judgment on the pleadings is limited to consideration of "the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998).  In considering a motion for judgment on the pleadings, the court must accept all facts in the complaint as true. *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001); *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996).  A judgment on the pleadings pursuant to Rule 12(c) is appropriate when "no issues of material fact exist, and the movant is entitled to judgment as a matter of law[,]" *Ortega*, 85 F.3d at 1524, or when "the complaint lacks sufficient factual matter to state a facially plausible claim for relief that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Jiles v. United Parcel Serv., Inc.*, 413 F. App'x 173, 174 (11th Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint; thus, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).  To state a claim that survives a Rule 12(b)(6)

challenge, a complaint need not contain "detailed factual allegations," but must include enough facts "to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 545.

### III.  BACKGROUND

Accepting as true the factual allegations in the Amended Complaint, the Court finds the following facts:

Plaintiff, who is more than sixty years of age, began working for the State of Alabama in 1975.  (Am. Compl. ¶¶ 4, 7.)  She became employed by ABPP in 2004, assuming the position of Personnel Assistant II ("PA II").  (Am. Compl. ¶ 7.)  Due to her increased responsibilities, ABPP promoted Plaintiff to Personnel Assistant III ("PA III") in October of 2005.  (Am. Compl. ¶ 7.)  By June of 2009, Plaintiff was approaching the maximum pay level for her PA III position, and discussed with Defendant McIntosh the position of Administrative Services Officer I ("ASO I").  (Am. Compl. ¶ 8.)  McIntosh had previously encouraged Plaintiff to apply for the ASO I position, and "promised [Plaintiff] that he would personally take the request for reallocation to the [S]tate's personnel office for approval if [Plaintiff] qualified for the position."  (Am. Compl. ¶¶ 8,9.)

However, instead of supporting Plaintiff's ASO I application, McIntosh allegedly prioritized securing a promotion for "a black employee from [PA II] to . . . [PA III] . . . ."  (Am. Compl. ¶ 9.)  He justified this action to the decisionmaker by falsely stating that Plaintiff intended to retire and that her PA III position soon would become vacant.  (Am. Compl. ¶ 9.)  McIntosh allegedly told other state employees that he wished that Plaintiff

3

"would hurry up and retire." (Am. Compl. ¶ 9.) Plaintiff alleges that she was "adversely affected by McIntosh's utilization of her age as a factor in effecting these personnel actions." (Am. Compl. ¶ 9.)

Plaintiff initiated an internal complaint, later followed by an EEOC charge of discrimination, regarding Defendant McIntosh's allegedly discriminatory conduct, which allegedly resulted in him receiving a lateral transfer to the Alabama Department of Transportation. (Am. Compl. ¶¶ 12,13.) Plaintiff's internal complaint was then terminated by ABPP after Defendant McIntosh's transfer. Plaintiff alleges that Defendant McIntosh's replacement at ABPP "has caused alterations to the professional responsibilities of [Plaintiff] which adversely affect her future employment with the State of Alabama." (Am. Compl. ¶ 13.) Plaintiff alleges that Defendant McIntosh's transfer and the subsequent alterations to her employment responsibilities were retaliatory in response to her complaints of age and race discrimination.

## IV. DISCUSSION

**A.**   **Plaintiff's Federal Claims**

   *1.*   *Defendant ABPP*

### a. ABPP is Not a "Person" for Purposes of the § 1983 Claim and is Entitled to Eleventh Amendment Sovereign Immunity

Plaintiff's Amended Complaint is unclear as to whether both McIntosh and ABPP are named as defendants in the § 1983 count, or just Defendant McIntosh. The § 1983 claim makes allegations regarding Defendant McIntosh's conduct, but nowhere mentions Defendant ABPP. Furthermore, the allegations in the § 1983 claim refer to "Defendant" in the singular, while other counts refer to "Defendants" plurally. Plaintiff nevertheless argues in her Brief in Opposition that the "Amended Complaint plainly states [a claim under § 1983 for] prospective injunctive relief . . . against [D]efendant [ABPP] . . . ." (Doc. # 36, at 6.) Even assuming Plaintiff has pleaded such a claim against ABPP, ABPP is entitled to judgment on the pleadings.

ABPP, as an arm of the State, is not a "person" for purposes of § 1983 relief. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles*, No. 10-15240, 2011 WL 3428128, at *1 (11th Cir. Aug. 8, 2011). ABPP also is entitled to Eleventh Amendment sovereign immunity on Plaintiff's § 1983 claim. *See Quern v. Jordan*, 440 U.S. 332, 342 (1979). Plaintiff's attempt to avoid *Will* and *Quern* by seeking only prospective injunctive relief against ABPP is futile as well. Prospective injunctive relief is available against state officials in their official capacity, but not against the State itself. *See Will*, 491 U.S. at 71 n.10 (citing *Ex parte Young*, 209 U.S. 123, 159-160 (1908)); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) ("The doctrine of *Ex parte Young* . . . has no application in suits

against the States and their agencies, which are barred regardless of the relief sought[.]"). Accordingly, to the extent that ABPP is named as a defendant to Plaintiff's § 1983 claim, ABPP is entitled to judgment on the pleadings.

### b. ABPP's Sovereign Immunity on the ADEA Claim

Plaintiff argues that ABPP, by removing this case to federal court, has waived its Eleventh Amendment immunity under *Lapides v. Board of Regents of the University System of Georgia*, 122 S. Ct. 1640, 1646 (2002). As observed by this Court, "[s]ome language in *Lapides* suggests a broad holding – that any time a [S]tate removes a case to federal court, the [S]tate has waived its immunity." *Stallworth v. Ala. Dep't of Mental Health & Mental Retardation*, No. 2:10cv918, 2011 WL 3503177, at *2-3 (M.D. Ala. Aug. 10, 2011) (published) (Fuller, J.); s*ee also Lapides*, 122 S. Ct. at 1646 ("We conclude that the State's action joining the removing of this case to federal court waived its Eleventh Amendment immunity . . . ."). Despite the broad language, the *Lapides* holding was narrow. The scope of the holding was delimited at the outset of the *Lapides* opinion: "It has become clear that we must limit our answer to the context of state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings." *Lapides*, 122 S. Ct. at 1643.

As this Court found in *Stallworth*, "[t]he narrow holding of *Lapides* does not apply to this case." 2011 WL 3503177, at *3. Unlike *Lapides*, Plaintiff's ADEA claim against Defendant ABPP is based in federal law, and there is no allegation that Alabama has waived its immunity in state court for ADEA claims. *Stallworth*, 2011 WL 3503177, at *3 ("Unless waived by other law, Alabama retains sate sovereign immunity from suits brought in its own

6

courts." (citing Ala. Const. art. I § 14 (1901))); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 82-83, 92 (2000) (holding that "the ADEA does not validly abrogate the States' sovereign immunity"); *see also Hillemann v. Univ. of Cent. Fla.*, 167 F. App'x 747, 748 (11th Cir. 2006). And, as this Court noted in *Stallworth*, "[t]he Eleventh Circuit has yet to speak on the subject [of the scope of *Lapides*], and accordingly there is no case law binding on this Court . . . In the absence of such case law, this Court declines to find that a state always waives its sovereign immunity upon removing a case to federal court." *Id.* at *3. The Court sees no reason to withdraw from this position, and ABPP is entitled to Eleventh Amendment sovereign immunity on Plaintiff's ADEA claim.[1] [2]

### c.     **Plaintiff's Title VII Claim**

---

[1] Plaintiff's ADEA claim is also due to be dismissed on account of pleading defects. Nevertheless, the Court must address the antecedent issue of ABPP's Eleventh Amendment immunity, which raises a question of the Court's subject matter jurisdiction. *See Thomas v. U.S. Postal Serv.*, 364 F. App'x 600, 601 n.3 (11th Cir. 2010) (noting that "a dismissal on sovereign immunity grounds should be pursuant to Rule 12(b)(1) because no subject-matter jurisdiction exists" (citing *Bennett v. United States*, 102 F.3d 486, 488 n.1 (11th Cir. 1996))). Put briefly, Plaintiff necessarily alleges failure to promote claims since she "continues to serve" as PA III. (Am. Compl. ¶ 7.) However, Plaintiff's factual allegations only obliquely hint at a cognizable age discrimination claim. Any direct evidence claim based upon Defendant McIntosh's statements is futile because Defendant McIntosh was not the decisionmaker with respect to Plaintiff's promotion. *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998) ("Remarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination."). Plaintiff's allegations regarding a circumstantial evidence claim are woefully inadequate. Plaintiff does not allege that she applied for or was qualified for the ASO I position. Plaintiff identifies no comparator outside the protected class who was promoted to the ASO I position. Plaintiff does not allege that the decisionmaker – the personnel office – failed to promote Plaintiff because of her age. In fact, no allegations linking the personnel office to Plaintiff's ADEA claim appear anywhere in the Amended Complaint.

[2] To the extent that Plaintiff's retaliation claim is rooted in the ADEA, Defendant ABPP is entitled to sovereign immunity on that claim as well.

Unlike the ADEA claim, there is no Eleventh Amendment sovereign immunity for Defendant ABPP on Plaintiff's Title VII claim. In 1972, Congress amended Title VII to expand its reach to state and local governments by including within the definition of "person" the words "governments, governmental agencies, [and] political subdivisions." 1 Merrick T. Rossein, *Employment Discrimination Law and Litigation* § 12:16 (quoting 42 U.S.C. § 2000e-(a)). In so amending, Congress validly exercised its power under § 5 of the Fourteenth Amendment to abrogate the states' Eleventh Amendment immunity for Title VII claims. *In re Emp't Discrimination Litig. Against State of Ala.*, 198 F.3d 1305, 1317 (11th Cir. 1999) (citing and quoting *Fitzpatrick v. Bitzer*, 427 U.S. 445, 447-48 (1976)). Because its Eleventh Amendment immunity has been abrogated, ABPP is a proper Title VII defendant.

Nevertheless, Plaintiff's Title VII discrimination and retaliation claims against ABPP are due to be dismissed for substantially the same reasons that Plaintiff's ADEA claim also would have failed, *supra* at note 1. To the extent that Plaintiff brings a direct evidence claim based on Defendant McIntosh's conduct, that claim fails for multiple reasons. First, "'only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of [race]' will constitute direct evidence of discrimination." *Dixon v. The Hallmark Cos., Inc.*, 627 F.3d 849, 854 (11th Cir. 2010) (quoting *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004)). Second, "[r]emarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998). To the extent that

Plaintiff brings a circumstantial evidence claim, Plaintiff makes little progress alleging the elements of a *prima facie* case. *See Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999). Plaintiff does not explicitly allege that she was qualified for the ASO I position. Plaintiff does not explicitly allege that she applied for the ASO I position and was rejected. Plaintiff does not allege that a person outside her protected class was promoted to the ASO I position, or that anyone was promoted to the ASO I position. Plaintiff identifies no proper comparators. *See Wilson*, 376 F.3d at 1091 (explaining that the "comparator must be similarly situated in all relevant respects" and "nearly identical to the plaintiff"). Plaintiff does not allege that the decisionmaker – the personnel office – used race as a substantial or motivating factor in failing to promote Plaintiff to the ASO I position. In fact, no allegations linking the personnel office to Plaintiff's Title VII claim appear anywhere in the Amended Complaint.

Plaintiff's Title VII retaliation claim is doomed as well. Plaintiff alleges that after she engaged in statutorily protected activity by filing an internal complaint against Defendant McIntosh and an EEOC complaint, Defendant McIntosh was laterally transferred. His replacement then "caused alterations to the professional responsibilities of [Plaintiff] which adversely affect her future employment with the state of Alabama." (Am. Compl. ¶ 13.) These vague allegations do not meet Rule 8(a)'s pleading standard and are not sufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 545 (To state a claim that survives a Rule 12(b)(6) challenge, a complaint need not contain "detailed factual allegations," but must

9

include enough facts "to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)").  Defendant ABPP is entitled to judgment on the pleadings on Plaintiff's Title VII claim.

### 2. *Defendant McIntosh*

The only potentially viable federal claim against Defendant McIntosh is the § 1983 claim.  *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act."); *see also Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (Individuals "cannot be liable under the ADEA or Title VII").

Section 1983 "creates no substantive rights, but merely provides a remedy for deprivations of federal rights created elsewhere."  *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985).  To establish a claim under § 1983 against Defendant McIntosh in his individual capacity, Plaintiff must show: (1) a deprivation of a federal statutory or federal constitutional right and (2) that the deprivation was committed by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *see also Maine v. Thiboutot*, 448 U.S. 1 (1980) (holding that § 1983 creates a cause of action against state officials for violations of federal statutes).

Plaintiff alleges that Defendant McIntosh, acting under color of state law, discriminated against Plaintiff "on the basis of age and/or race" in violation of the ADEA;

the Alabama Age Discrimination Act; Title VII; the Alabama Administrative Code; and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Plaintiff's § 1983 theories based on alleged deprivations of state law are due to be dismissed. *See Parratt v. Taylor*, 451 U.S. 527, 536 (1981) (§ 1983 plaintiff must allege deprivation of federal, not state, right). Plaintiff's § 1983 discrimination theories based on the ADEA, Title VII, and the Equal Protection Clause are likewise due to be dismissed for the reasons stated above in footnote 1 (ADEA) and Part IV.A.1.c. (Title VII) of this opinion. *Cross v. Alabama*, 49 F.3d 1490, 1507-08 (11th Cir. 1995) ("When [§] 1983 is used as a parallel remedy for violation of [Title VII], the elements of the two causes of action are the same."); *Bryant v. Jones*, 575 F.3d at 1281, 1296 n.20 (11th Cir. 2009) (noting that "discrimination claims . . . brought under the Equal Protection Clause . . . or [Title VII] are subject to the same standards of proof and employ the same analytical framework"); *see also Burns v. Gadsden State Cmty. Coll.*, 908 F.2d 1512, 1518 n.8 (11th Cir. 1990) (same for ADEA). Because Plaintiff's § 1983 claim against Defendant McIntosh is due to be dismissed, the Court need not address Defendant McIntosh's qualified immunity defense.

**B.     Plaintiff's State Law Claims**

28 U.S.C. § 1367(c) states that "the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." § 1367(c)(3). Having

11

dismissed Plaintiff's federal claims, the court exercises its discretion to decline supplemental jurisdiction over Plaintiff's state law claims against Defendant McIntosh. *See Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1185 (11th Cir. 2003) (a district court's decision to decline supplemental jurisdiction is reviewed for abuse of discretion); *see also Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) (instructing district courts to "take into account concerns of comity, judicial economy, convenience, fairness, and the like"). Weighing these considerations, the Court concludes that remanding Plaintiff's state-law claims is the appropriate action. *See Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001) (stating that "[supplemental state-law] claims shall be remanded to state court, rather than dismissed, because this case was originally filed in state court and removed to federal court" (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988))).

## V. CONCLUSION

Based on the foregoing, it is ORDERED that Defendant ABPP's Motion for Judgment on the Pleadings (Doc. # 27) is GRANTED and Defendant McIntosh's Motion to Dismiss (Doc. # 29) is GRANTED. It is further ORDERED that Plaintiff's state-law claims are REMANDED to the Circuit Court of Montgomery County, Alabama.

An appropriate judgment will be entered.

DONE this 29th day of December, 2011.

                                                /s/ Mark E. Fuller
                                          UNITED STATES DISTRICT JUDGE